IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TC HULETT, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 23-1026-HLT-KGG |
| | ) |
| RANDI SHANNON, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM & ORDER GRANTING**
**APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES**

In conjunction with his federal court Complaint alleging employment discrimination (Doc. 1), Plaintiff TC Hulett, Jr. has filed an Application to Proceed Without Prepayment of Fees ("IFP application," Doc. 2, sealed) with a supporting financial affidavit (Doc. 2-1, sealed). After review of Plaintiff's submission, the Court **GRANTS** the IFP application.

**ANALYSIS**

**I.   Application to Proceed *In Forma Pauperis*.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). "Proceeding *in forma pauperis* in a civil case 'is a

1

privilege, not a right – fundamental or otherwise.'" ***Barnett v. Northwest School***, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting ***White v. Colorado***, 157 F.3d 1226, 1233 (10th Cir. 1998)).  The decision to grant or deny in forma pauperis status lies within the sound discretion of the court.  ***Cabrera v. Horgas***, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally*, ***Yellen v. Cooper***, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  See ***Patillo v. N. Am. Van Lines, Inc.***, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); ***Webb v. Cessna Aircraft***, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Plaintiff indicates he is 38 and single with no dependents.  (Doc. 2, sealed, at 1-2.)  He indicates he is unemployed, but does list a former employer from whom he earned a modest wage.  He lists no other income or government benefits.  (*Id.*, at 4-5.)  He does not own real property or an automobile.  (*Id*., at 3-4.)  He lists no monthly expenses or other debts.  (*Id*., at 5.)  He has never filed bankruptcy.  (*Id*., at 6.)

Given Plaintiff's income and financial obligations, the Court finds that Plaintiff's access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court thus **GRANTS** Plaintiff leave to proceed *in forma pauperis*. (Doc. 2, sealed.)

IT IS THEREFORE ORDERED that Plaintiff's application for IFP status (Doc. 2, sealed) is **GRANTED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 1st day of March, 2023.

/S Kenneth G. Gale
KENNETH G. GALE
United States Magistrate Judge